**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRIAN TIMM, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-8363 (MAS) (TJB) |
| WELLS FARGO BANK, N.A., | : | |
| Defendant. | : | **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Wells Fargo, N.A.'s ("Wells Fargo" or "Defendant") Motion to Dismiss Plaintiff's Complaint. (ECF No. 6.) Plaintiff Brian Timm ("Plaintiff" or "Timm") filed an Opposition to the Motion (Pl.'s Opp'n Br., ECF No. 7) and Defendant filed a Reply (Def.'s Reply, ECF No. 8). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

Plaintiff Brian Timm, a resident of New Jersey, brings this action against Wells Fargo to enforce his alleged rescission of a loan agreement. (Compl. ¶¶ 1, 4, ECF No. 1.) On March 14, 2008, Plaintiff executed a note to Wells Fargo for a home loan of $400,000.00. (Compl. ¶ 16; Pl.'s Opp'n Br. 6.) Wells Fargo secured the loan with a mortgage on Plaintiff's personal home, located at 1715 1/2 River Road, Belmar, NJ 07719. (Def.'s Moving Br. 2, ECF No. 6-1.) At some unknown

time between this transaction and June 12, 2015, Wells Fargo assigned the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac") and Freddie Mac became the owner of the loan, unbeknownst to Plaintiff. (*See* Compl. ¶ 72; Pl.'s Ex. E., ECF No. 1-5.)

On March 10, 2015, Plaintiff mailed a "Notice of Rescission" to Wells Fargo, stating that Plaintiff was rescinding the transaction pursuant to the Federal Truth in Lending Act ("TILA"). (Compl. ¶ 20.) Plaintiff alleges that Wells Fargo did not respond. (*Id.* ¶¶ 21-22.)

On December 1, 2015, Plaintiff filed a six-count Complaint in the present action, as a pro se litigant, seeking to enforce his right of rescission under TILA. (*See* Compl. ¶¶ 1-2.) The first three counts demand the enforcement of rescission under 15 U.S.C. § 1635(a) (granting consumers the right to rescind); 15 U.S.C. § 1638(a)(1) (requiring creditors to disclose their identity); and 12 C.F.R. § 226.23 (stating that rescission is effective when the consumer mails the notice of rescission). (*Id.* ¶¶ 24-25, 42, 46.) Count Four asserts that the transaction between Plaintiff and Wells Fargo was never consummated. (*Id.* ¶¶ 65-78.) Count Five seeks to impose criminal liability on Wells Fargo under 15 U.S.C. § 1611. (*Id.* ¶ 82.) Finally, Count Six demands restitution arising out of Plaintiff's alleged rescission. (*Id.* ¶ 91.) Plaintiff demands that Wells Fargo return the $92,583.85 Plaintiff allegedly paid under the note, and various statutory fines and damages to be determined at trial. (*Id.* ¶ 92.)

## II.   LEGAL DISCUSSION AND ANALYSIS

### A.   Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings*

*Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, to survive the motion, the complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. The burden falls on the defendant to show that the complaint lacks a plausible claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In addition, while a pro se plaintiff's complaint is held to a less stringent standard than complaints drafted by lawyers, he is still not excused from conforming to standard procedural rules. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### B.      Parties' Positions

Defendant argues that Plaintiff's Complaint should be dismissed on three grounds. First, Defendant asserts that Plaintiff's claims for damages dating back to March 14, 2009 are barred by TILA's one-year statute of limitations. (Def.'s Moving Br. 9.) Second, Defendant contends that Plaintiff's right to rescind expired on March 14, 2011, due to TILA's three-year statute of repose. (Def.'s Moving Br. 10.) Third, Defendant argues that Plaintiff's action for criminal liability under 15 U.S.C. § 1611 is not a private, civil cause of action and should therefore be dismissed. (Def.'s Moving Br. 13.)

Plaintiff raises a number of arguments in opposition to Defendant's motion. As to Defendant's first argument, Plaintiff argues that the statute of limitations does not bar his claims for damages because a consummated transaction never existed between Plaintiff and Wells Fargo. (Compl. ¶ 75.) In support, Plaintiff relies on the premise that Wells Fargo's assignment of his loan to Freddie Mac constitutes "material misrepresentations and/or fraudulent assertions." (*Id.* ¶ 74.) Plaintiff describes Wells Fargo's actions as "using subterfuge" to "pose as the 'lender' when in

3

fact the lender is [an] undisclosed unregistered third party." (*Id.* ¶ 17.) Moreover, Plaintiff asserts that Wells Fargo did not actually fund the loan that Plaintiff received. (*Id.*) Plaintiff argues that because Freddie Mac was not "specifically identified" to him, a valid contract was never consummated between Plaintiff and Wells Fargo. (*Id.* ¶¶ 70-71.)

With respect to Defendant's second argument, Plaintiff argues that Wells Fargo's "pos[ing] as the 'lender'" voided the transaction between the parties. (Compl. ¶ 28.) Because the three-year limitation on rescission does not begin until consummation of the transaction, Plaintiff contends that his right to rescind never expired and has existed indefinitely. (*Id.*) In addition, Plaintiff maintains that he exercised his right to rescind upon mailing his "Notice of Rescission" on March 10, 2015, and that Wells Fargo waived its right to challenge the rescission by not responding within twenty days as per 12 C.F.R. § 226.23(d)(2)(3). (*Id.* ¶¶ 43-46; Pl.'s Opp'n Br. 20-21.)

Finally, Plaintiff contends that Wells Fargo violated TILA's criminal provision (15 U.S.C. § 1611) by ignoring his Notice of Rescission and "misleading the court as to the status of the mortgage." (Compl. ¶¶ 82-84.) Plaintiff argues that Wells Fargo should be fined $5,000.00 for violation of this TILA provision. (*Id.* ¶ 92.)

## C.   **Discussion**

TILA requires that creditors disclose certain information to borrowers, such as percentage rates, finance charges, and the rights of the borrower, to ensure that consumers engage in informed and fair use of credit. *See* 15 U.S.C. §§ 1632, 1635, 1638. TILA, however, contains certain limitations. The first of these limitations is Section 1640(e), which imposes a one-year statute of limitations on claims for damages. This one-year period begins running on the date of the TILA violation, which "is deemed to be the date the transaction was consummated." *Chevalier v. Baird Sav. Ass'n*, 371 F. Supp. 1282, 1284 (E.D. Pa. 1974) (citing *Wachtel v. West*, 344 F. Supp. 680

(E.D. Tenn. 1972)). Thus, the one-year statute of limitations begins running upon consummation of the transaction. *See id*.

Regardless of the statute of limitations, TILA allows borrowers to rescind loan transactions until "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section . . . whichever comes later[.]" 15 U.S.C. § 1635(a). A lender's failure to provide the information or forms required under TILA results in the extension of a borrower's right to rescind until those materials are provided. *See id*. There is, however, an absolute statute of repose that limits the power of rescission to three years after consummation of the transaction. *See* 15 U.S.C. § 1635(f); *Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255, 267 (3d Cir. 2013) ("According to the most natural reading of the statutory language, an obligor must send valid written notice of rescission before the three years expire."). Even if the lender fails to provide the required information, this statute of repose bars the right of rescission after three years. *See* 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) ("[T]he Act permits no federal right to rescind, defensively or otherwise, after the [three]-year period of § 1635(f) has run.").

TILA also contains a provision establishing criminal liability under 15 U.S.C. § 1611. This section imposes criminal penalties of "not more than $5,000 or imprison[ment of] not more than one year, or both" to anyone who fails to provide accurate information required to be disclosed under TILA. 15 U.S.C. § 1611.

Here, Plaintiff fails to base his claim for relief on anything more than a conclusory legal allegation—that their transaction was never consummated. *See Bell Atl. Corp.*, 550 U.S. at 570. Regulation Z, 12 C.F.R. § 226.2(a)(13), defines "consummation" as "the time that a consumer becomes contractually obligated on a credit transaction." In turn, state law governs the point at

5

which a consumer becomes "contractually obligated." *See Carmen v. Metrocities Mortg.*, No. 08-2729, 2010 WL 421115, at *6 (D.N.J. Feb. 1, 2010) (citing *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989)). Under New Jersey state law, the elements of a valid contract are offer, acceptance, and consideration. *See id.* (citing *Smith v. SBC Commc'ns Inc.*, 839 A.2d 850, 283 (N.J. 2004)).

Plaintiff recites these elements in his Complaint, but fails to allege facts that precluded Plaintiff's contractual obligations on the note and mortgage. In addition, Plaintiff does not provide any legal authority to support his argument that consummation occurs upon the creditor's disbursement of the loan funds. (*See* Compl. ¶¶ 67-78); *Paslowski v. Standard Mortg. Corp. of Ga.*, 129 F. Supp. 2d 793, 798 n.6 (W.D. Pa. 2000) (recognizing that mortgage assignments to main secondary market participants such as Freddie Mac are "regular occurrence[s]"). Here, the note and mortgage attached to the Complaint clearly indicate that both documents were executed. (Compl. Exs. A-B.) Thus, the transaction was consummated on March 14, 2008.

Because this Court finds that the one-year statute of limitations began running on March 14, 2008, Plaintiff's claims for damages in Count Six are time-barred. *See Chevalier*, 371 F. Supp. at 1284 (finding that tolling TILA's statute of limitations due to a lender's failure to disclose information would render the provision meaningless). In addition, Section 1635(f)'s three-year statute of repose extinguished Plaintiff's right of rescission on March 14, 2011, making his March 10, 2015 "Notice of Rescission" four years too late. Accordingly, Counts One, Two, Three, Four, and Six, demanding restitution and enforcement of rescission, must be dismissed.

Finally, 15 U.S.C. § 1611 is a criminal statute that does not provide for civil remedies. *See Beepot v. J.P. Morgan Chase Nat'l Corp. Servs.*, 57 F. Supp. 3d 1358, 1380 (M.D. Fla. 2014). Because this statute does not provide a private civil right of action, Plaintiff's demand for criminal liability in Count Five is also dismissed. *See id.*

6

## III.    <u>CONCLUSION</u>

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion to Dismiss is GRANTED. As leave to amend would be futile, Plaintiff's Complaint is dismissed with prejudice. An Order consistent with this Memorandum Opinion will be entered.

_____

MICHAEL A. SHIPP

UNITED STATES DISTRICT JUDGE

**Dated:** September 2nd, 2016

7